UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| ROOSEVELT BAKER, JACK BALL, LES BENNETT, JOHNNY BYRD, KEITH CALDWELL, RODNEY CLAYBORNE, JULIAN COLLINS, HENRY J. DAVIS, ANTION ESTES, MARK HENSLER, MICHAEL HENSLER, STEVEN JOHNSON, CHARLES JONES, CHARLES LOVE, JOHN MIDDLEBROOKS, DAVID OSBORNE, MATTHEW OSBORNE, ANTHONY PAULETTE, ORLANDO SAFFORE, DEMOND STEVENSON, CORTEZ STUART, RODNEY TOWNS, DAVID WALLACE, WILLIS WILBORN, and EFREM WILLIAMS<br><br>                                 Plaintiffs,<br><br>v.<br><br>AMSTED RAIL CO., INC.,<br><br>                                 Defendant. | <u>JURY TRIAL DEMANDED</u><br><br><br><br>Case No. 13-6-WDS-DGW |

<u>COMPLAINT</u>

Plaintiffs, individually, for his or her Complaint against defendant Amsted Rail Company, Inc., allege as follows:

<u>Nature of Case</u>

1.   Amsted employed or employs Plaintiffs at its foundry and manufacturing facility in Madison County, Illinois, which is located within the Southern District of Illinois. During the relevant time period preceding this action, Amsted required

1

Plaintiffs to work before their paid shifts without compensation. For example, certain Plaintiffs performed such activities before their paid shifts as obtaining tools and supplies, starting and connecting equipment, testing tools and equipment, obtaining tool and equipment repairs and replacements, and servicing tools and equipment. Amsted also required many of the Plaintiffs to work after their paid shifts without compensation. For example, certain Plaintiffs performed such activities after their paid shifts as shutting down machinery and equipment, storing tools, and cleaning and preparing work areas for the next day or following shift. Such tasks are integral and indispensable to the performance of Plaintiffs' assigned job duties. As such, Amsted received substantial unpaid labor from Plaintiffs. Plaintiffs seek to recover unpaid wages and overtime compensation under the Fair Labor Standards Act ("FLSA").

### Jurisdiction and Venue

2. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over the FLSA claims of Plaintiffs and other similarly situated employees is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c) because Amsted conducts business in this district and substantial unlawful conduct giving rise to the claims occurred in this district.

## Parties

4. Plaintiff Roosevelt Baker has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

5. Plaintiff Jack Ball has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

6. Plaintiff Les Bennett has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

7. Plaintiff Johnny Byrd has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

8. Plaintiff Keith Caldwell has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

9. Plaintiff Rodney Clayborne has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

10. Plaintiff Julian Collins has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

11. Plaintiff Henry J. Davis has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

12. Plaintiff Antion Estes has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

13. Plaintiff Mark Hensler has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

14. Plaintiff Michael Hensler has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

15. Plaintiff Steven Johnson has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

16. Plaintiff Charles Jones has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

17. Plaintiff Charles Love has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

18. Plaintiff John Middlebrooks has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

19. Plaintiff David Osborne has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

20. Plaintiff Matthew Osborne has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

21. Plaintiff Anthony Paulette has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

22. Plaintiff Orlando Saffore has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

23. Plaintiff Demond Stevenson has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

24. Plaintiff Cortez Stuart has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

25. Plaintiff Rodney Towns has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

26. Plaintiff David Wallace has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

27. Plaintiff Willis Wilborn has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

28. Plaintiff Efrem Williams has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

29. Defendant Amsted Rail Company, Inc. is a wholly-owned subsidiary of Amsted Industries Incorporated. It is an international steel and train parts manufacturing company that operates various steel foundries and manufacturing facilities in the United States including a foundry and manufacturing facility in Madison County, Illinois, which falls within the Southern District of Illinois.

### General Allegations

30. During the time that Plaintiffs worked as hourly employees for Amsted, Amsted paid them on an hourly basis and classified them as "non-exempt" under the FLSA.

31. Amsted pays its hourly employees based on their scheduled shift times and not on actual hours worked.

32. Amsted has required all Plaintiffs to perform unpaid work before and/or after their paid shifts. Plaintiffs have consistently worked "off the clock" and without pay. Accordingly, Plaintiffs are entitled to compensation for the time spent working before and/or after their paid shifts.

33. Amsted requires all Plaintiffs to start work before the beginning of their paid shifts. For example, certain Plaintiffs performed tasks before their paid shifts such as obtaining tools and supplies, starting and connecting equipment, testing tools and equipment, obtaining tool and equipment repairs and replacements, servicing tools and equipment, and/or cleaning and organizing their work areas prior to their paid shifts without compensation.

34. Amsted requires certain Plaintiffs to work after their paid shifts. For example, certain Plaintiffs performed tasks after their paid shifts such as shutting down machinery and equipment, storing tools, cleaning and preparing work areas for the next day or following shift, and/or shoveling sand after their paid shifts without compensation.

35. All such pre-shift tasks are substantial, preparatory, integral, and indispensable to performing the assigned job duties of Plaintiffs and others similarly situated.

36. All such post-shift tasks are substantial, integral, and indispensable to performing the assigned job duties of Plaintiffs and others similarly situated.

37. Amsted did not accurately record all time worked by Plaintiffs, and specifically did not include time they spent performing work before their paid shift, during unpaid lunch breaks, and/or after the end of their paid shift.

38. Moreover, Amsted's timekeeping system is, in effect, an illegal rounding policy, as it rounds away any time that a Plaintiff clocks in before the start of the shift, but does not ever round in the Plaintiff's favor if the Plaintiff clocks in after the start of the shift. Thus, the rounding works exclusively in Amsted's favor and does not average out over time to fully compensate the Plaintiffs for all time worked.

39. Likewise, Amsted's timekeeping system illegally rounds away any time that a Plaintiff clocks out after the end of the shift, but does not round in a Plaintiff's favor if the Plaintiff clocks out before the end of the shift. Thus, the rounding again works exclusively in Amsted's favor and does not average out over time to fully compensate the Plaintiffs for all time worked.

40. The net effect of Amsted's policies and practices, instituted and approved by company managers, is that Amsted willfully failed to pay wages and overtime compensation and willfully failed to keep accurate time and/or payroll records to save payroll costs. Amsted thus enjoyed substantial ill-gained profits at the expense of Plaintiffs.

### Count I:  Violation of the Fair Labor Standards Act of 1938

41.  Plaintiffs reassert and re-allege the allegations set forth above.

42.  At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 et seq.

43.  The FLSA regulates, among other things, the payment of wages for overtime worked by employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

44.  Amsted is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

45.  Amsted violated the FLSA by failing to pay for overtime worked.

46.  Amsted further violated the FLSA by failing to pay regular wages in weeks in which the Plaintiffs worked overtime.

47.  Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiffs.

48.  Plaintiffs are victims of a uniform compensation policy.

49.  Plaintiffs are entitled to damages equal to pay for all regular and overtime hours worked during weeks they worked more than 40 hours and the mandated overtime premium pay within the three (3) years preceding either the filing of this Complaint or the date they originally opted-in to the case styled

*Marshall v. Amsted Rail Co.,* Case No. 3:10-cv-00011-MJR-CJP pending in this Court, plus periods of equitable tolling, because Amsted acted willfully and knew, or showed reckless disregard for whether, its conduct was prohibited by the FLSA.

50. Amsted has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages and overtime compensation permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find Amsted did not act willfully in failing to pay overtime compensation, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

51. As a result of the aforesaid willful violations of the FLSA's overtime provisions, unpaid wages have been unlawfully withheld by Amsted from Plaintiffs. Accordingly, Amsted is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, on Count I of this Complaint, Plaintiffs demand judgment against Amsted and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury of all issues triable by jury.

Dated: January 5, 2013

Respectfully submitted,

| STUEVE SIEGEL HANSON LLP<br>Richard M. Paul III (MO Bar # 44233)<br>(*pro hac* forthcoming)<br>Ashlea Schwarz (MO Bar # 60102)<br>(*pro hac* forthcoming)<br>460 Nichols Road, Suite 200<br>Kansas City, Missouri 64112<br>Telephone:     (816) 714-7100<br>Facsimile:      (816) 714-7101 | WEINHAUS & POTASHNICK<br><br>/s/ Mark A. Potashnick<br>Mark A. Potashnick<br>(Ill. Bar # 6271083)<br>11500 Olive Boulevard, Suite 133<br>St. Louis, Missouri  63141<br>Telephone:     (314) 997-9150<br>Facsimile:      (314) 997-9170 |

ATTORNEYS FOR PLAINTIFFS

11